PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN M. HELLER, | ) | |
| | ) | CASE NO. 5:14CV0446 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ITT TECHNICAL INSTITUTE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro se* Plaintiff Dawn M. Heller filed this action against ITT Technical Institute and "John Doe Subsidiaries, Affiliates, Assigns, Accreditation Boards, Alias Names, Granting Authorities Under the Department of Justice." In the Complaint (ECF No. 1), Plaintiff alleges she registered for classes and withdrew on the same day. She claims she was fraudulently charged tuition. Plaintiff seeks unspecified monetary relief.

**I. Background**

Plaintiff states she enrolled in an Associates Degree program in paralegal studies with ITT Technical Institute. She alleges ITT Technical Institute "failed to consummate the contract, due to technical errors that they refused to correct, and plaintiff of her own volition cancelled classes before receipt of any such services." ECF No. 1 at PageID #: 2. Plaintiff contends this makes "the Promissory Note and contract for ITT Technical University Online void and unenforceable." ECF No. 1 at PageID #: 2. She claims she was charged for the entire semester of classes. Plaintiff asserts she "believes there to be a strong case also for discrimination being

(5:14CV0446)

exacted on the plaintiff, by and between Ohio Rehabilitative Services Commission, and Good Will Industries, International, and the Department of Justice and or its senior boards." ECF No. 1 at PageID #: 3-4.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). See also Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations

2

(5:14CV0446)

must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.  Law and Analysis

Plaintiff fails to assert any legal cause of action and none is apparent from the face of the Complaint (ECF No. 1). She mentions her belief that she has a strong case for discrimination against the Ohio Rehabilitative Services Commission, Good Will Industries, International, and the Department of Justice. None of those entities is a defendant in this action and there are no factual allegations in the Complaint (ECF No. 1) which even remotely pertain to them.

The only other reference to a legal cause of action is contained in the case caption where Plaintiff indicates she is asserting a *qui tam* action for fraudulent accounting practices. A *qui tam* statute allows a private person to bring an action in the name of the United States, that will benefit both the person and the government. *Vermont Agency of Natural Resources v. United*

3

(5:14CV0446)

States ex rel. Stevens, 529 U.S. 765, 769 (2000). The *qui tam* action is for redress of an injury to the government; it is the government's injury that confers standing upon the private person, and the *qui tam* plaintiff has standing because she is a partial assignee of the United States's claims against a defendant. Id. at 773-74. The right to bring a *qui tam* action is entirely created by statute. See id. at 774-78.

The False Claims Act ("FCA") is the most commonly invoked *qui tam* statute. Id. Indeed, it is the FCA that is the benchmark for evaluating other statutes claimed to be *qui tam* statutes. Stalley v. Methodist Healthcare, 517 F.3d 911, 916-18 (6th Cir. 2008). The FCA explicitly provides that "a person may bring a civil action . . . for the person *and for the United States Government*." 31 U.S.C. § 3730(b)(1) (emphasis added). The plain language of the FCA empowers private individuals to sue on behalf of the United States, while the United States remains the real party in interest. 31 U.S.C. § 3730(d). The FCA tightly regulates the actions that private plaintiffs may bring under its provisions. Specifically, the right of the private plaintiff to any recovery in the action is strictly limited, 31 U.S.C. § 3730(d); and the government may elect to proceed with, and therefore conduct, the action, or decline to do so. 31 U.S.C. § 3730(b)(4). Even if the government elects not to proceed with the action, it retains a significant role in the way the action is conducted. 31 U.S.C. § 3730(c)(3) and (4).

Plaintiff does not identify any statute with a *qui tam* provision under which she intends to proceed. She simply states "Fraudulent Accounting Practices." ECF No. 1 at PageID #: 1. Even if the Court construes her Complaint (ECF No. 1) as an attempt to assert a claim under the FCA, the facts she alleges would not support a cause of action under the statute. All of the allegations

(5:14CV0446)

in her Complaint (ECF No. 1) suggest an experience that was personal to her.  The United States is not the real party in interest.  The Complaint (ECF No. 1) contains no suggestion that this is, in fact, a *qui tam* action.

Finally, there is no indication of any other legal claim Plaintiff may be attempting to assert.  Principles requiring generous construction of *pro se* pleadings are not without limits.  See *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudett*, 775 F.2d at 1278.  To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.* at 1278.  Moreover, Plaintiff's failure to identify a particular legal theory in her complaint places an unfair burden on ITT Technical Institute to speculate on the potential claims that she may be raising against it and the defenses it might assert in response to each of those possible causes of action.  See *Wells*, 891 F.2d at 594.  Even liberally construed, the Complaint (ECF No. 1) does not sufficiently state a claim or claims upon which Plaintiff intends to base her action.

5

(5:14CV0446)

### IV. Conclusion

Accordingly, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted; and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

 September 30, 2014                                  */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                        United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.